Filed 7/11/23  In re J.D. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.D., a Person Coming Under the Juvenile Court Law. | B325594 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP04058A) |
| Plaintiff and Respondent, | |
| v. | |
| M.W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Conditionally affirmed and remanded.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

Children's Law Center 5, Kristin Hallak and Andrew J. Farestveit for Minor.

_____

Mother[1] appeals from the November 9, 2022 order terminating parental rights over her son pursuant to Welfare and Institutions Code section 366.26.[2]  Mother's sole contention on appeal is that the juvenile court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  No interested party filed a respondent's brief.  Instead, counsel for all parties, including the Los Angeles County Department of Children and Family Services (the Department), mother, and minor, filed a joint application and stipulation requesting a conditional affirmance and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

The parties agree that the record demonstrates that the Department did not meet the initial inquiry requirements of ICWA and related California statutes.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 438.)  Mother and father denied Indian ancestry in initial interviews, and mother filed an ICWA-020 form at her first court appearance.  However, there is no evidence in the record that the court or the Department asked father to

_____

[1] Father is not a party to the current appeal.

[2] The child's father is not a party to this appeal.

2

complete and file an ICWA-020 form.  In addition, the Department did not ask available paternal relatives about the possibility of Indian ancestry, even though social workers had in-person contact with paternal grandfather and a paternal aunt.

After reviewing the entire record, we find that the statutory requirements set forth in Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated order remanding the case with directions have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's November 9, 2022, order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion.  The court shall order the Department to make reasonable efforts to interview father and available extended relatives, including paternal grandfather and paternal aunt, about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation.  Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the minor.  Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated.  If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.